# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| BESSIE RUSSELL, | ) |
| Plaintiff, | ) |
| v. | ) NO. 2:09CV410-PS |
| NATIONAL MENTOR HEALTHCARE LLC, d/b/a Indiana Mentor, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Bessie Russell filed this lawsuit in Lake County Superior Court against her employer, National Mentor Healthcare LLC, which later removed the case to federal court because Russell makes claims under federal law. The amended complaint represents that Russell is a 50-year-old African American female who has worked for National Mentor for about 10 years as an in-home service provider. Before filing this action, Russell filed several charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"). After the first of these, the EEOC mediated an agreement between Russell and National Mentor, dated September 23, 2008. Russell claims that National Mentor has breached that agreement by failing to provide her with a day job yielding 70 hours per pay period, and that her supervisor has continued to retaliate against Russell for her complaints of discrimination by creating a hostile work environment.

The amended complaint has six counts. Count I alleges that National Mentor has unlawfully retaliated against Russell in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*, and the Age Discrimination in Employment Act, 29 U.S.C. §621 *et seq*. Count II contains a claim of intentional infliction of emotional distress under state law. Count III

contains a claim of breach of contract. Count IV asserts a claim that National Mentor has engaged in wage discrimination in violation of Title VII as amended by the Lilly Ledbetter Fair Pay Act of 2009. Count V is a claim of race discrimination and retaliation in violation of 42 U.S.C. §1981. In Count VI, Russell asserts that National Mentor has violated Indiana's Blacklisting Law, IC §22-5-3-2. Count VII, similar to Count VI, alleges that National Mentor has tortiously interfered with her relationship with her second employer. National Mentor has filed a motion pursuant to Fed.R.Civ.P. 12(b)(6) seeking dismissal of Counts IV and VI of the amended complaint for failure to state a claim upon which relief can be granted. Russell has failed to respond the motion, leaving it unopposed.

National Mentor challenges the wage discrimination claim Russell makes in Count IV, arguing that the claim is outside the scope of the allegations Russell made in her two timely-filed EEOC charges. The statutory source for Count IV is Title VII. "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009), quoting *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). "In addition to those claims which were previously charged, Title VII plaintiffs may also litigate claims which are 'like or reasonably related to the allegations of the [administrative] charge and growing out of such allegations.'" *Teal*, 559 F.3d at 691-92, quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir. 1976) (en banc). By way of example, the Seventh Circuit has found that "[n]ormally, retaliation [and] sex discrimination . . . charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another." *Sitar v. Ind. Dep't of Transp.*, 344 F.3d 720, 726 (7th Cir. 2003); *see also Cable v. Ivy Tech State Coll.*, 200 F.3d 467, 477 (7th Cir. 1999) (retaliation claim not reasonably related to discrimination claim where there is no factual overlap evident from the body of the EEOC complaint).

Russell's first EEOC charge, dated April 29, 2008, asserted discrimination on the basis of age based on National Mentor's alleged plan to terminate Russell's employment and hire someone younger for her position. [DE 1-1]. In her second EEOC charge, dated November 18, 2008, Russell alleged that National Mentor, with whom she was (and is) still employed, had retaliated against her by continuous harassment since the settlement of her first charge in September 2008, culminating in her suspension on November 18. Neither charge makes any mention of wages. Count IV of the amended complaint is based on Russell's allegation of National Mentor's "continuous, repetitious and degenerative cycle and pattern of wage discrimination based on race and age." [DE 6, p.8]. The alleged wage discrimination is further described as including "phony suspensions resulting in late payment of wages, paying new employees more money than Plaintiff, and intentionally providing her with spotty work assignments so as to induce her into getting frustrated and leaving." (*Id.*)

The Seventh Circuit has held that, in order for claims to be deemed related for purposes of administrative exhaustion, "the EEOC charge and the complaint must, at a minimum, describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501 (emphasis in original). The age-based termination claim of the first EEOC charge and the retaliation claim of the second EEOC charge are not like or reasonably related to the wage discrimination charge in Count IV, and Russell makes no effort to argue otherwise in response to National Mentor's motion to dismiss. Because the wage claim now brought under Title VII is not administratively exhausted by Russell's prior EEOC charges, Count IV is subject to dismissal.

National Mentor next argues that Count VI should be dismissed because the Indiana Blacklisting Statute does not apply where Russell continued to be employed by National Mentor at the time it allegedly engaged in the conduct violating the statute. In Count VI, Russell contends that agents of National Mentor called her other place of employment to speak with her supervisor

"in order to black list her by providing information known to be false at the time the disclosure was made in violation of IC §22-5-3-2." [DE 6, p.11]. The provision Russell relies on reads as follows:

> If any...company, partnership, limited liability company, or corporation in this state shall authorize, allow or permit any of its or their agents to black-list any **discharged employees**, or attempt by words or writing, or any other means whatever, to prevent such **discharged employee, or any employee who may have voluntarily left said company's service**, from obtaining employment with any other person, or company, said company shall be liable to such employee in such sum as will fully compensate him, to which may be added exemplary damages.

IC §22-5-3-2 (emphasis added). National Mentor here contends that the Blacklisting Statute by its terms provides no cause of action for Russell because she was not a former employee but a current one. On the face of it, the argument is sound, and Russell has failed to offer any opposition to it. Count VI will therefore also be dismissed for failure to state a claim upon which relief may be granted. Relief based on alleged falsehoods communicated to Russell's second employer continues to be sought under Count VII, Russell's claim for tortious interference with that employment relationship.

National Mentor's unopposed **Motion to Dismiss Counts IV and VI** of Russell's amended complaint [DE 8] is **GRANTED**.

**SO ORDERED.**

Entered: February __10__, 2010

                                       s/ Philip P. Simon
                                       PHILIP P. SIMON, CHIEF JUDGE
                                       UNITED STATES DISTRICT COURT